DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

MARCH TERM, 1923.

---

AMERICAN TRADING AND IMPORTING COMPANY, APPEL-
LANT, v. MIRON & LIFSON, BODY CORPORATE, RE-
SPONDENT.

Submitted April 12, 1923—Decided June 18, 1923.

Under an agreement of subscription to capital stock in plaintiff cor-
poration defendant made a partial payment of earnest money,
but the articles of incorporation provided for the redemption of
the stock at a certain time in the discretion of the company,
which limitation on the ownership was not contained in the
agreement. *Held*, the provision for redemption of the stock was
a material departure from the terms of the agreement, and that
that disentitled plaintiff to recover the balance of the subscrip-
tion price, and entitled defendant to recover back its partial
payment.

---

On appeal from the Supreme Court.

For the appellant, *McDermott, Enright & Carpenter.*

For the respondent, *Stamler & Stamler.*

The opinion of the court was delivered by

WALKER, CHANCELLOR.    This was an action in the Supreme Court tried at Circuit.    Plaintiff sued for $1,800, balance of unpaid subscription by defendant to its preferred capital stock of the par value of $2,000, $200 of which had been paid on account on signing the subscription agreement. Defendant answered that appellant corporation had not been organized in accordance with the subscription agreement; that the preferred stock provided for in the articles of incorporation was not in accordance with that provided for in the agreement, and that a bond had not been filed in accordance therewith, and also counter-claimed for the $200 deposit made on executing the agreement.

At the close of the case both sides asked for the direction of a verdict, submitting that the question was one of law for the court.    Pierce, C. P. J., who sat, directed a verdict for defendant on its counter-claim, upon the grounds urged in the motion, namely, that the corporation as formed varied from that provided for the subscription agreement in that it varied in two important particulars, (1) that it left payment of dividends to the discretion of the directors (the agreement being for seven per cent. non-cumulative preferred stock), and (2) that the certificate gave the corporation a right to redeem the stock, which was a limitation on stock ownership not included in the agreement.    This ruling was excepted to.    From the judgment entered on the *postea,* plaintiff appeals to this court and assigns for error three grounds of appeal, (1) because the judge erroneously directed a verdict in favor of defendant on its counter-claim against plaintiff, (2) because the judge directed a verdict in favor of defendant and against plaintiff, and (3) because the judge refused to direct a verdict in favor of plaintiff against defendant.

Defendant-respondent urges that as the judgment was one in the Supreme Court sitting as a court of first instance, and not as a court of review, it was the duty of the plaintiff-appellant to present exceptions to specific errors of the trial

court and not to the reasons (opinion) upon which the judgment of that court was based, citing *McCarty* v. *West Hoboken,* 93 *N. J. L.* 247. The rule invoked is correct, but there is no exception or objection based upon the opinion of the Supreme Court.

The only thing objected to was the direction of a verdict for defendant and refusal to direct a verdict for plaintiff, and to the adverse rulings thereon the plaintiff excepted, and has assigned the same grounds of appeal. The errors alleged are not predicated upon the reasoning of the court, but are exceptions directed to the trial court's rulings which resulted in the judgment, and they are proper grounds of appeal.

The rule is universal that the appealing party is only entitled to consideration of grounds of error in the trial court which are specific. See *Sentliffer* v. *Jacobs,* 86 *Atl. Rep.* 929 (and the same errors are available in a court of second appeal on the only proper assignment of error there, namely, that the court of first review erred in the judgment it rendered. See *State* v. *Fisher,* 95 *N. J. L.* 419). The assigned errors are specific in this case, and there is nothing in the objection that they are improper. Correct practice regarding grounds of appeal is adverted to by Judge Black in his opinion in *Kleinert* v. *Hutchinson, post p. —.*

Now, as to the meritorious question involved. The stock subscription agreement provided *inter alia* as follows:

"Said corporation shall be organized by or through the agency of the trustee under the laws of the State of New York or such other state as he may select, with a capital stock of five hundred shares of seven (7) per cent. non-cumulative, preferred stock, without voting rights, of the par value of $100 each, aggregating in par value $50,000, and five hundred shares of capital stock without nominal or par value."

The certificate of incorporation provided *inter alia* as follows:

"Such preferred stock, at the discretion of the company, shall be subject to redemption at one hundred and ten per

cent. on January 1st, 1925, or on any subsequent day thereafter."

It will be observed that the agreement provided for stock that would exist continuously throughout the life of the corporation, but that the provision for such stock in the articles of incorporation limits the right of ownership to January 1st, 1925, or thereafter, if the plaintiff company should elect to redeem the stock. This was not the contract which the defendant entered into, but was a departure from it in a material aspect.

In *New Jersey M. R. Co.* v. *Strait,* 35 *N. J. L.* 322, in the Supreme Court, Chief Justice Beasley said (at *p.* 326) : "The rule is, that a party who disables himself from rendering the agreed consideration, cannot require the performance of a promise which rests on such consideration." And this court in *Allen* v. *Francisco Sugar Co.,* 112 *Atl. Rep.* 887 (at *p.* 889), approved the doctrine thus enunciated in the Supreme Court.

Now, the consideration agreed to be passed to the defendant was twenty shares of the preferred stock of the plaintiff corporation at $100 per share, and, as there was no limitation or restriction to that effect the stock was to exist and run during the life of the corporation, but the certificate of incorporation provided that the stock might be redeemed at a certain time named, about five years after the date of the certificate of incorporation, or thereafter, while the existence of the corporation was to be perpetual. Thus the plaintiff put it out of its power to deliver stock of the kind and character which the defendant had contracted to purchase and receive, and it could not therefore require performance from the defendant which rested on such altered consideration. The defendant therefore had a right to refuse to take the stock tendered and pay the balance therefor, and, for the same reason, had a right to recover its partial payment of earnest money under its counter-claim filed in the suit. The direction of a verdict was therefore right.

Judgment affirmed, with costs.

*98 N. J. L.*        Bradley v. Atlantic Guaranty, &c., Co.

*For affirmance*—The Chancellor, Chief Justice, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, Katzenbach, White, Heppenheimer, Ackerson, Van Buskirk, JJ. 13.

*For reversal*—None.